IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Lumbermens Mutual Casualty Company, | ) |
| Plaintiff, | ) |
| v. | ) No. 05-11595-GAO |
| Boston School for the Deaf; Congregation of Sisters of Saint Joseph; Sister Mary McAvoy a/k/a Sister Kevin Alice; Sister M. Berchmans a/k/a Sister Mildred Malone; Sister Helen Thomas a/k/a Sister Ethelwyn; Sister M. Joanita O'Connor; Sister Elizabeth Benersani a/k/a Sister M. Gregory; Sister Mary Carl Boland; Sister Mary Kieran McCormack a/k/a Sister Rita McCormack; Sister Alice Kirby a/k/a Sister Mary Laurand; Sister Helen Callahan a/k/a Sister Leo Francis; Sister Miriam Theresa Ringer; Sister Eymard McGrane; Sister Margaret Joyce a/k/a Sister Winifred Marie; Sister Margaret Flaherty; Sister John Elizabeth Murphy; Sister Bernadette Kenney a/k/a Sister James Ellen; Fred McCormack; John Carroll; Violet Guertin; James Guertin; Paul Larocque; Paul Leveille; Tamara Marcinuk; Glenn Peters; William Ross; Patricia Arsenault; James Sullivan; Gary Catania; Richard Drysdale; Gail Morrison; Valerie Morrison; George Rogers; Lourdes Tollette; Penny Braddock; Nicholas Giancioppa; Jeffrey King; Richard Emma; and Anthony Christley, | ) **FILED UNDER SEAL** |
| Defendants. | ) |

### LUMBERMENS MUTUAL CASUALTY COMPANY'S MOTION TO STAY PROCEEDINGS

Plaintiff, Lumbermens Mutual Casualty Company ("LMC"), by and through its attorneys, respectfully requests that this Honorable Court stay the proceedings in this cause, and in support states as follows:

1.  LMC filed a Complaint for Declaratory Judgment (the "Complaint") in this cause in order to resolve certain insurance coverage issues raised by a number of sexual abuse lawsuits brought against the Defendant Boston School for the Deaf (the "School") and former teachers of the School (the "Underlying Suits").

2.  Since the filing of the instant Complaint, LMC has learned that certain of the Underlying Suits have been scheduled for trial later this year. Certain issues involved in the instant declaratory judgment action are similar to issues that may need to be resolved in the Underlying Suits, including the suits set to proceed to trial later this year.

3.  Federal courts have broad discretion to stay declaratory judgment proceedings on insurance coverage issues pending the outcome of underlying actions brought against an insured. *Chedester v. Town of Whately*, 279 F.Supp.2d 53, *56 (D. Mass. 2003). One factor to be taken into account when deciding whether to stay a case is whether a federal court would make factual findings or adjudicate any matter at issue in the underlying litigation. *Id.*, see also *M.D. Sass Investors Services, Inc. v. Reliance Ins. Co. of Illinois*, 810 F.Supp. 1082, *1090 (N.D. Cal. 1992). A stay of the instant proceedings at this time will avoid any possibility that this Court would make any factual findings or adjudicate any matter at issue in the Underlying Suits, including those set to proceed to trial later this year.

4.  To date, the Complaint has not been served on any Defendant. Counsel for Sister Helen Thomas, Sister Juanita O'Connor, Sister Elizabeth Benersani, Sister Kieran McCormack and Sister Miriam Theresa Ringer has executed a waiver of summons form on behalf of these defendants. A copy of the waiver of summons is attached hereto as Exhibit A.

5.  The granting of this Motion will not prejudice any party.

WHEREFORE, Plaintiff, Lumbermens Mutual Casualty Company, respectfully requests that this Honorable Court stay the proceedings in this cause for the reasons set forth herein.

Respectfully submitted,

_____
Robert W. Brunner (Pro Hac Vice)
Attorney for Plaintiff
Lumbermens Mutual Casualty Company
Bollinger, Ruberry & Garvey
500 W. Madison
Suite 2300
Chicago, Illinois 60661
(312) 466-8000 (telephone)
(312) 466-8001 (facsimile)

# WAIVER OF SERVICE OF SUMMONS

TO: __Paul Wynn, Wynn and Wynn__
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, __Sr. Helen Thomas, Sr. Joanita O'Connor & Sr. Elizabeth Benersani__, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of __Lumbermens Mutual Cas.Co. v. Boston School for the Deaf, et al.__,
(CAPTION OF ACTION)

which is case number __05-11595-GAO__ in the United States District Court
(DOCKET NUMBER)

for the _____ District of __Massachusetts__.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after __9/15/2005__
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

_____        _William J. Bailey Jr._____
(DATE)                                  (SIGNATURE)

Printed/Typed Name: _____

As _____ of _____
   (TITLE)              (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.


EXHIBIT A

# WAIVER OF SERVICE OF SUMMONS

TO: __Paul Wynn, Wynn and Wynn__
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, __Sister Kieran McCormack and Sister Miriam Theresa Ringer__, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of __Lumbermens Mutual Cas.Co. v. Boston School for the Deaf, et al.__,
(CAPTION OF ACTION)

which is case number __05-11595-GAO__ in the United States District Court
(DOCKET NUMBER)

for the _____ District of __Massachusetts__ .

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days after __9/15/2005__ ,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

_____        _____/s/ William J. Bailey Jr._____
(DATE)                           (SIGNATURE)

Printed/Typed Name: _____

As _____ of _____
        (TITLE)                    (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.