UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-CV-11595-GAO

LUMBERMENS MUTUAL CASUALTY COMPANY,
Plaintiff

v.

ROMAN CATHOLIC ARCHBISHOP OF BOSTON, A CORPORATION SOLE, et al.,
Defendants

ORDER
October 28, 2005

O'TOOLE, D.J.

    The plaintiff, Lumbermens Mutual Casualty Company (the "Plaintiff"), filed a Complaint for Declaratory Judgment (the "Complaint") with the Court on July 29, 2005, seeking a declaration of rights concerning its obligations under certain insurance policies that it issued to the Roman Catholic Archbishop of Boston (the "Archbishop"), in which the Boston School for the Deaf (the "School") and the Congregation of the Sisters of Saint Joseph (the "SSJ") are named as additional insureds. The Archbishop, the School and the SSJ are defendants in two cases filed in Massachusetts state courts by groups of plaintiffs (the "Claimants") who allege that they were subjected to a wide range of sexual and physical abuse while students at the School. The Claimants' abuse claims have been tendered to the Plaintiff for defense and indemnification, and in its Complaint the Plaintiff contends that its policies provide no coverage for a number of the allegations.

    At the time the Plaintiff filed its Complaint, it also filed a Motion to Impound the Complaint until further order of the court. As a reason for its motion, the Plaintiff stated that many of the declarations in the Complaint contain "explicit allegations of physical and sexual abuse" and "sensitive

material regarding the alleged abuse that should not be made public." For the reason outlined below, I find it unnecessary to impound the Plaintiff's Complaint.

In this District, a party may move to impound a document pursuant to Local Rule 7.2 upon "a statement, supported by good cause, that the material should be impounded." While it is true that the Plaintiff's Complaint contains "explicit allegations of physical and sexual abuse" and "sensitive material" regarding that abuse, its concern that such information "should not be made public" is unfounded. All of the allegations and sensitive material contained in the Complaint are drawn directly from the complaints filed in the underlying state cases, Guertin v. McAvoy, Civil Action No. 04-2004 (Mass. Super. Ct.) and Catania v. McAvoy, Civil Action No. 04-3627 (Mass. Super. Ct.), which are not sealed. Any sensitive information contained in the Plaintiff's Complaint is already a matter of public record.

Plaintiff's Motion to Impound the Complaint therefore is DENIED. The Clerk is directed to unseal whatever portions of the record that were sealed during the pendency of this motion.

It is SO ORDERED.

| October 28, 2005 | \s\ George A. O'Toole, Jr. |
|---|---|
| DATE | DISTRICT JUDGE |